MRS. ADA ROGERS GORMAN v. MRS. FRANCES YORKE and LEE HORTON.

(Filed 30 November, 1938.)

**Judgments § 23—**

Ordinarily, the act or neglect of a codefendant or the insurer of such codefendant should not be imputed to the defendant moving to set aside the judgment for surprise and excusable neglect, and should not be considered in determining whether movant had established excusable neglect.

APPEAL by defendant Horton from *Hamilton, Special Judge,* at October Extra Civil Term, 1938, of MECKLENBURG. Error and remanded.

Motion by defendant Horton to set aside default judgment on the ground of inadvertence and excusable neglect. Upon finding of fact by the court that there was no such excusable neglect on the part of the appellant as could justify setting the judgment aside, the motion was denied, and defendant Horton appealed.

*Uhlman S. Alexander and Ralph V. Kidd for plaintiff.*
*Robinson & Jones for defendant Lee Horton.*

PER CURIAM. Referring to the matters considered by the court in reaching its conclusion and denying appellant's motion, the court below said: "Upon the argument of the motion to set aside the judgment by default and inquiry, the defendant Lee Horton took the position that any acts or neglect of the Maryland Casualty Company, or the defendant Mrs. Yorke, did not affect his rights under said motion and were not material to be considered by the court in connection therewith. The court ruled, however, that such acts and neglect were material and took such matters in consideration in its finding that there was no excusable neglect, to which defendant Lee Horton duly excepted."

The defendant's exception must be sustained, and the cause remanded for proper findings of fact, eliminating therefrom consideration of acts and negligence of other parties not material to the motion of the appealing defendant.

Error and remanded.